

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00012-CV

———————————————

PATRICK MAHAFFEY, Appellant

V.

SETH WASHBURNE AND THIRSTY 13TH, LLC, Appellees

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-268735-13

Before Sudderth, C.J.; Meier and Kerr, JJ.
Opinion by Chief Justice Sudderth

## OPINION

Appellees Seth Washburne and Thirsty 13th, LLC's lawsuit against Appellant Patrick Mahaffey was pending for four years before Appellees filed a notice of nonsuit, but during the pendency of the lawsuit, Mahaffey filed a declaration invoking rule of civil procedure 167, the offer-of-settlement rule. *See generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 42.001–.005 (West 2015); Tex. R. Civ. P. 167. Thereafter, on September 28, 2016, Mahaffey made a rule 167 offer of settlement. The settlement offer was not accepted by Appellees.

More than a year later, on October 24, 2017, Appellees filed their notice of nonsuit. Within two days, Mahaffey filed a motion to recover his litigation costs pursuant to rule 167. On October 30, Appellees filed a first amended notice of nonsuit "to provide an explanation" as to why the nonsuit was taken. The next day, the trial court signed the order of nonsuit.

Mahaffey filed his first amended motion to recover his litigation costs on December 4, 2017, and a supplement to that motion on December 8, 2017. By letter dated December 20, 2017, the trial court announced its decision to deny Mahaffey's motion. In it, the trial court expressed its opinion that a party who seeks to recover litigation costs must be able to show there is a final judgment on monetary damages that is significantly less favorable than a settlement offer, *see generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 42.001–.005; Tex. R. Civ. P. 167, and that a nonsuit without prejudice does not constitute a judgment that disposes of a claim for monetary

damages with the necessary finality to allow recovery under civil practice and remedies code chapter 42 and rule of civil procedure 167. On that same day, the trial court signed an order denying Mahaffey's motion for recovery of litigation costs.

The parties continued to dispute the issue of litigation costs in motions for reconsideration and replies thereto until the trial court signed an order dated January 25, 2018, denying reconsideration of its December 20 order.

In a single issue comprising two sub-issues, Mahaffey argues that the trial court erred by overruling and denying his motion for recovery of litigation costs because (1) the order of nonsuit constitutes a final judgment as contemplated by chapter 42 of the civil practice and remedies code and rule of civil procedure 167, and (2) a trial on the merits was not required for him to be entitled to recover his litigation costs under the applicable statutes and rules.

In this issue of first impression, we must consider whether an order of nonsuit may trigger the shifting of litigation costs under the offer-of-settlement rule. The answer is both yes and no. As explained below, while an order of nonsuit, as a "significantly less favorable judgment," theoretically would trigger the shifting of litigation costs under the offer-of-settlement rule, the amount that would be shifted, at least under these facts, is limited to zero.

The offer-of-settlement rule is found in civil practice and remedies code chapter 42 and rule of civil procedure 167. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 42.001–.005; Tex. R. Civ. P. 167. With a handful of exceptions, the offer-of-

3

settlement procedure can be used for any claim that seeks monetary damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 42.002(b) (excluding class actions, shareholder derivative suits, actions by or against governmental units, actions brought under the family code, workers' compensation claims, and actions filed in justice or small claims courts). But to be invoked in a particular lawsuit, a defendant[1] must first file a declaration in compliance with the rule. *See* Tex. R. Civ. P. 167.2(a).

Once a declaration has been filed, any party may make a settlement offer under the offer-of-settlement rule. And once such an offer of settlement has been made, if the offer is rejected, either explicitly or by operation of law, *see* Tex. R. Civ. P. 167.3(c) (providing that an offer that is not withdrawn or accepted is deemed rejected), then the rejecting party becomes liable for some of its opponent's litigation costs[2] if, in hindsight, the judgment "awarded on the monetary claims covered by the offer is significantly less favorable to the offeree than was the offer." Tex. R. Civ. P. 167.4(a). "A judgment award on monetary claims" is considered "significantly less favorable" if

---

[1]This term is broadly defined as "a party against whom a claim for monetary damages is made" and thus would include a plaintiff if the defendant filed a counterclaim seeking monetary relief. *See* Tex. R. Civ. P. 167.2(a).

[2]Litigation costs include: (1) court costs, (2) reasonable deposition costs, (3) reasonable fees for no more than two testifying expert witnesses, and (4) reasonable attorney's fees, made or incurred from the time the offer was rejected to the time of judgment. Tex. R. Civ. P. 167.4(a), (c).

the plaintiff's award is less than 80% of the rejected offer. *See* Tex. R. Civ. P. 167.4(b)(1); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 42.004(b)(1).

Here, there is no dispute that the declaration and offer of settlement complied with the requisites of the rule, that Mahaffey offered Appellees $15,100 to settle the claim, that Appellees rejected his offer, and that their subsequent nonsuit resulted in a judgment significantly less favorable than the $15,100 Mahaffey offered. Thus, the litigation cost-shifting mechanism of the rule was triggered.

However, both rule 167 and chapter 42 provide limits on the amount of litigation costs that can be shifted due to an imprudent rejection of a settlement offer. Both provide that "the litigation costs that may be awarded to any party under this rule" may not exceed "the total amount that the claimant recovers or would recover before . . . subtracting as an offset an award of litigation costs" under this rule in favor of the defendant. *See* Tex. R. Civ. P. 167.4(d)(2); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 42.004(d).

Because Appellees nonsuited their action against Mahaffey, they took nothing by way of judgment against him. Thus, pursuant to rule 167.4(d)(2) and section 42.004(d), any litigation costs awarded could not exceed the total amount of zero (the amount that Appellees "recovered"). Because here the total amount of litigation costs that could be shifted equals zero, the trial court did not err by refusing to award Mahaffey any amount for litigation costs. We overrule Mahaffey's two sub-issues and

affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: November 15, 2018